FILED

2026 May-12 PM 12:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| PRISILIANA JAIMES NUNEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 7:25-cv-01765-LCB-HNJ |
| | ) | |
| WARDEN, | ) | |
| *FCI Aliceville* | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner Prisiliana Jaimes Nunez ("Nunez") filed an amended *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the Federal Bureau of Prisons' ("BOP") refusal to apply her earned time credits under the First Step Act ("FSA") to her federal sentence.[1]  (Doc. 13).  Nunez seeks a determination she stands eligible to earn time credits under the FSA and the application of her FSA earned time credits towards her early release from BOP custody.  (Doc. 13 at 7).  Consistent with

---

[1] In her initial *pro se* § 2241 habeas petition and Memorandum of Law, Nunez also claimed the BOP illegally denied her transitional benefits pursuant to the Second Chance Act ("SCA") based upon her immigration status.  (*See* Doc. 2 at 5-6).  Nunez does not mention the Second Chance Act in her amended petition.  (*See* Doc. 13).  Accordingly, she abandoned any claim pursuant to the Second Chance Act, and the undersigned does not address that claim in this report and recommendation.

Furthermore, Nunez argued in her Memorandum of Law that "the statutory text, congressional intent, and governing case law demonstrate that unless and until there is a final order of removal issued by an immigration judge, [Nunez] remains fully eligible to accrue and apply credits under both [the FSA and the SCA]."  (Doc. 2 at 4).  Respondent presented uncontroverted evidence Nunez stands subject to a final order of removal.  (*See* Doc. 10-2 at 42-43).  Thus, pursuant to Nunez's own arguments, she does not stand entitled to accrue or apply credits under the FSA or the SCA.  (*See* Doc. 2).

its usual practice, the court referred the petition to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) for preliminary review.

As explained herein, the undersigned **RECOMMENDS** the court **DENY** Nunez's § 2241 petition, (doc. 13), and **DISMISS** her FSA claim **WITH PREJUDICE**.

### I.    FACTUAL & PROCEDURAL HISTORY

On May 8, 1999, Immigration Inspector J. Tower entered a Notice and Order of Expedited Removal and personally served the Notice on Nunez.  (Doc. 10-2 at 42-43). Inspector Tower found Nunez "an imposter and a citizen and national of Mexico not in possession of legal documentation with which to enter the United States" because Nunez "applied for entry into the United States from Mexico by presenting, to the officer, a United States passport in the name of Catalina Ponce, claiming to be that person." (Doc. 10-2 at 42).  Pursuant to § 235(b)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1225(b)(1), Inspector Tower found Nunez "inadmissible as charged and ordered [her] removed from the United States."  (Doc. 10-2 at 42).  *See also* 8 U.S.C. § 1182(a)(6)(C)(i) ("Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter is inadmissible."); 8 U.S.C. § 1182(a)(7)(A)(i)(I) (stating that, except as otherwise provided by statute, any immigrant "who is not in possession of a valid

2

unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter" is inadmissible).

On March 11, 2024, the United States District Court for the Southern District of Texas, pursuant to a guilty plea, adjudged Nunez guilty of conspiracy to make false statements in the acquisition of a firearm in violation of 18 U.S.C. §§ 371, 924(a)(1)(A) & (D). (Doc. 10-1 at 1). The Southern District of Texas sentenced Nunez to a 40-month term of incarceration in a federal institution and three years of post-release supervision. (Doc. 10-1 at 2-3).

On September 11, 2025,[2] Nunez filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (doc. 1), and a Memorandum of Law in Support of Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (doc. 2). Nunez challenged the BOP's refusal to apply her earned time credits under the FSA to her federal sentence as well as the BOP's denial of transitional benefits pursuant to the Second Chance Act ("SCA") based upon her immigration status. (*See* Doc. 1 & Doc. 2).

---

[2] Although docketed on October 14, 2025, Nunez dated her petition September 11, 2025. (Doc. 1 at 8). Under the "prison mailbox rule," because a prisoner proceeding *pro se* maintains virtually no control over the mailing of a pleading, the court deems the pleading filed at the time the prisoner delivers the pleading to prison or jail officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988). "Absent evidence to the contrary in the form of prison logs or other records," the court assumes a *pro se* prisoner delivered her pleading to prison authorities the day she signed it. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam); *see also Taylor v. Williams*, 528 F.3d 847, 849 (11th Cir. 2008) (assuming *pro se* petitioner delivered his § 2254 habeas petition to prison authorities for mailing on the day he signed it).

In response to the court's Order to Show Cause, (doc. 7), Respondent Warden filed an Answer supported by exhibits, (doc. 10). The court notified the parties it would consider the petition for summary disposition and advised Nunez of the provisions and consequences of this procedure. (Doc. 12 at 1-2). In response, Nunez filed an amended petition. (Doc. 13).

In her amended petition, Nunez challenged the BOP's refusal to apply her earned time credits under the FSA to her federal sentence, but she does not mention the SCA. (Doc. 13 at 6-7). As grounds for her petition, Nunez argues as follows:

❖ The BOP denies her FSA credits despite her eligibility to earn FSA credits. (Doc. 13 at 6). Nunez contends the BOP correctly calculated and applied her FSA credits prior to the application of her Final Order of Removal. (Doc. 13 at 6). However, once the BOP became aware of the Final Order of Removal, the BOP removed her FSA credits and updated her anticipated release date to a later date. (Doc. 13 at 6).

As relief, Nunez asks the court to "apply FSA credits and temporarily lift the final order in order to apply credits and th[e]n put the final order back onto or into place once the credits are in place and require the BOP to accurately calculate and honor or abide by the release date once calculated and not take or move a release date after that date." (Doc. 13 at 7).

The BOP anticipates releasing Nunez from its custody on January 9, 2027. *See* https://www.bop.gov/inmateloc/ (BOP Inmate Locater) (last accessed May 11, 2026). (*See also* Doc. 10-2 at 5-7).

4

## II.    ANALYSIS

Respondent argues the court should dismiss Nunez's FSA claim with prejudice as she stands ineligible for application of FSA credits to her sentence pursuant to 18 U.S.C. § 3632(d)(4)(E)(i)), which provides, in pertinent part: "A prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws."[3]    (Doc. 10 at 5-7).   The undersigned agrees.

Among several other reforming provisions, the FSA allows eligible prisoners to "earn 10 days of time credits for every 30 days of successful participation" in "evidence-based recidivism reduction programming or productive activities."   *See* 18 U.S.C. § 3632(d)(4)(A).[4]  Commonly referred to as earned time credits, the BOP can apply these

---

[3] Respondent also argues Nunez failed to exhaust her administrative remedies.  (*See* Doc. 10 at 3-5). As it stands easier to deny Nunez's petition on the merits, the undersigned does not address the exhaustion issue.  *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015) ("[B]ecause exhaustion is non-jurisdictional, even when the defense has been preserved and asserted by the respondent throughout the proceeding, a court may skip over the exhaustion issue if it is easier to deny (not grant, of course, but deny) the petition on the merits without reaching the exhaustion question." (citing *Granberry v. Greer*, 481 U.S. 129, 131 (1987)).

[4] Title 18 U.S.C. § 3632(d)(4)(A) provides:

**(4) Time credits**.--

> **(A) In general**.-- A prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits as follows:
>
> > (i) A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

FSA credits to either lengthen an eligible prisoner's pre-release custody, such as home confinement or half-way house placement, or to effect early transfer to supervised release, i.e., early satisfaction of the prisoner's sentence. *See* 18 U.S.C. § 3632(d)(4)(C).[5]

However, the FSA contains several eligibility requirements which prohibit certain prisoners from earning time credits. *See, e.g.,* 18 U.S.C. § 3632(d)(4)(D). Relatedly, the FSA also contains several eligibility requirements which prohibit application of earned FSA time credits to certain prisoners' sentences. *See, e.g.,* 18 U.S.C. § 3632(d)(4)(E)(i).

Relevant to Nunez's petition, "[a] prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws" of the United States. 18 U.S.C. § 3632(d)(4)(E)(i). Likewise, pursuant to 28 C.F.R. § 523.44 ("Application of FSA Time Credits"), "any inmate eligible to earn FSA Time Credits" subject "to a final order of removal under

---

(ii) A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

[5] Title 18 U.S.C. § 3632(d)(4)(C) provides, in pertinent part:

Time credits earned . . . by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release.

[the] immigration laws" of the United States "may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release." 28 C.F.R. § 523.44(a)(2).

Respondent submitted evidence portraying Nunez stands subject to a final order of removal. (Doc. 10-2 at 42-43 (May 8, 1999, Notice and Order of Expedited Removal)). *See* 8 U.S.C. § 1231(a)(5) ("If the Attorney General finds that an alien has reentered the United States illegally after having been removed . . . under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry."); 8 C.F.R. § 241.8(a) ("An alien who illegally reenters the United States after having been removed, or having departed voluntarily, while under an order of exclusion, deportation, or removal shall be removed from the United States by reinstating the prior order. The alien has no right to a hearing before an immigration judge in such circumstances."); *Alfaro-Garcia v. U.S. Att'y Gen.*, 981 F.3d 978, 983 (11th Cir. 2020) (concluding § 1231(a)(5) "unambiguously bars the reopening of a reinstated removal order where the alien has illegally reentered the United States following his or her initial removal"); *Sanchez-Rios v. Neely*, No. 7:23-cv-00481-LCB-NAD, 2023 WL 9111251, at *3 (N.D. Ala. Dec. 5, 2023) ("[A]n alien who illegally reenters the United States after having been removed shall be removed under the prior order of removal at any time after the reentry." (internal quotation marks and citations omitted)(alteration adopted)), *adopting report and recommendation Sanchez-Rios v. Neely*, No. 7:23-cv-00481-

7

LCB-NAD, 2024 WL 69954, at *1 (N.D. Ala. Jan. 5, 2024).  Furthermore, Nunez does not contest the validity of the May 8, 1999, Notice and Order of Expedited Removal, does not contend any immigration or appellate court invalidated it, and does not assert she legally reentered the United States after the issuance of the May 8, 1999, Notice and Order of Expedited Removal.  (*See generally* Doc. 13).

Because Nunez "is the subject of a final order of removal under any provision of the immigration laws" of the United States, her claim the BOP should apply her earned FSA time credits to her federal sentence warrants denial.  *See* 18 U.S.C. § 3632(d)(4)(E)(i) & 28 C.F.R. § 523.44; *see also Deleon-Cuervo v. Neely*, No. 7:23-cv-00787-MHH-NAD, 2023 WL 8794592, at *3 (N.D. Ala. Nov. 27, 2023) (recommending dismissal with prejudice of petitioner's claim her earned FSA time credits should be applied toward her early release "because [petitioner] is subject to a final order of removal" and "not eligible to apply time credits under the First Step Act"), *adopting report and recommendation Deleon-Cuervo v. Neely*, No. 7:23-cv-00787-MHH-NAD, 2023 WL 8792152 (N.D. Ala. Dec. 19, 2023); *Gonzalez v. Neely*, No. 7:23-cv-00011-RDP-NAD, 2023 WL 8494497, at *3 (N.D. Ala. Nov. 15, 2023) (same), *adopting report and recommendation Gonzalez v. Neely*, No. 7:23-cv-00011-RDP-NAD, 2023 WL 8494282 (N.D. Ala. Dec. 7, 2023); *Gutierrez v. Neely*, No. 7:23-cv-523-CLM-GMB, 2023 WL 8587281, at *2 (N.D. Ala. Nov. 8, 2023) (recommending dismissal with prejudice of petitioner's claim challenging the BOP's refusal to apply 365 days of earned FSA time credits because she stood subject to a Final Administrative Removal Order and thus,

8

ineligible to have FSA time credits applied to her sentence), *adopting report and recommendation Gutierrez v. Neely*, No. 7:23-cv-523-CLM-GMB, 2023 WL 8586684 (N.D. Ala. Dec. 11, 2023); *Martinez v, Neely*, No. 7:23-cv-386-LSC-GMB, 2023 WL 8361809, at *2 (N.D. Ala. Nov. 8, 2023) (recommending dismissal with prejudice of petitioner's claim challenging the BOP's refusal to apply 365 days of earned FSA time credits because she stood subject to a Final Administrative Removal Order and thus, ineligible to have FSA time credits applied to her sentence), *adopting report and recommendation Martinez v, Neely*, No. 7:23-cv-386-LSC-GMB, 2023 WL 8358006 (N.D. Ala. Dec. 1, 2023).

## III. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** the court **DENY** Nunez's § 2241 petition, (doc. 13), and **DISMISS** her FSA claim **WITH PREJUDICE**.

The court's review of Nunez's § 2241 petition revealed the BOP now houses her at the FMC Carswell in Fort Worth, Texas. *See* https://www.bop.gov/inmateloc/ (BOP Inmate Locater) (last accessed May 11, 2026). Accordingly, the court **ORDERS** Nunez to file a notice of change of address within **14 days** of the entry date of this Report and Recommendation informing the court of her new address. If Nunez does not comply by this deadline, the court may dismiss this case without further notice. The court **DIRECTS** the Clerk of Court to serve a copy of this order on Nunez at her

address on file as well as at the following address: Prisiliana Jaimes Nunez 08141-506, FMC Carswell, Federal Medical Center, P.O. Box 27137, Fort Worth, TX 76127.

### IV.   NOTICE OF RIGHT TO OBJECT

Any party may file specific written objections to this report and recommendation.  Any objections must be filed with the Clerk of Court within **14 days**. The parties must identify every objectionable finding of fact or recommendation and state the specific basis for every objection.  Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

A party who fails to object to factual or legal conclusions in the Magistrate Judge's report and recommendation waives the right to challenge on appeal those same conclusions adopted in the District Judge's order.  Without a proper objection, however, the court on appeal may review the unobjected-to factual and legal conclusions for plain error if necessary in the interests of justice.  11th Cir. R. 3-1.

After receiving any objections, a District Judge will conduct a de novo review of the relevant portions of the report and recommendation and may accept, reject, or modify in whole or in part the Magistrate Judge's findings of fact and recommendations. The District Judge also may refer this action back to the Magistrate Judge with instructions for further proceedings.

A party may not appeal the Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  A party may only appeal from a final judgment entered by a District Judge.

**DONE** this 12th day of May, 2026.

_____

HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE